# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAMELA GOUGH-BAHASH,

    Plaintiff,

v.

CITIZENS BANK, N.A. f/k/a RBS CITIZENS N.A. by and through its National Lending Division, Citizen One Home Loans.

    Defendant.

Case No. 16-11785
Hon. Terrence G. Berg

## ORDER REQUIRING RESPONSE

Plaintiff brought suit to forestall Defendant's foreclosure on her home, and although she appeared to abandon her claim after her lawyer withdrew (See Dkts. 6–8), she ultimately reached a settlement with the bank which was recognized by the Court on January 31, 2017. Order Acknowledging Settlement, Dkt. 9. The Court then retained jurisdiction to enforce the settlement agreement as necessary. *Id.*

On April 28, 2017, Plaintiff filed a Motion for Temporary Restraining Order, seeking to enjoin Defendants from pursuing foreclosure sale of the contested property, arguing that Defendant had failed to comply with several aspects of the settlement agreement.

The Court held a telephonic conference to address this motion on May 1, 2017. Afterward, the Court issued an Order on May 2, 2017 with the following provisions:

1. Defendant may not hold a foreclosure sale as to the property at issue in this matter (8786 W. Liberty Rd., Ann Arbor MI 48103) until further order of this Court.
2. This Court's order indefinitely enjoining sale is predicated on enforcement of a Memorandum of Agreement (pursuant to court ordered facilitation) entered between the Parties on December 14, 2016 and the Court's Order Acknowledging Settlement issued on January 31, 2017.
3. This Case remains closed and Plaintiff's claims remain dismissed without prejudice, as indicated in this Court's Order Acknowledging Settlement.
4. The Parties are directed to make a good faith effort to meet and, at such meeting, Defendant is to provide Plaintiff with a legible payment history as directed in Paragraph #2 of the Memorandum of Agreement.
5. Upon Defendant providing to Plaintiff the payment history as referenced above, Plaintiff is to provide Defendant all documents (properly completed) pursuant to Paragraph #5 of the Memorandum of Agreement, whereupon, pursuant to said Agreement, Defendant will review Plaintiff for a loan modification according to the terms of the Memorandum of Agreement.
6. In the event Plaintiff or Defendant feel the terms of the Memorandum of Agreement are not being complied with, either Party may petition the Court for relief.
7. In the event Plaintiff has provided the required documents allowing Defendant to complete a loan modification review, and in the event Defendant deter-

mines not to provide Plaintiff a loan modification, Defendant may petition this Court to dissolve the injunction preventing Defendant from proceeding to sale.
8. All terms of the Memorandum of Agreement between the Parties remain in effect.

Dkt. 12, PageID.103–104.

A year later, on April 30, 2018, Defendant moved to vacate this order, arguing that Plaintiff failed to comply with Paragraph #5 of the Memorandum of Agreement. Dkt. 13, PageID.106–07. That paragraph states:

> 5. Plaintiff has agreed to produce the following to Defendant's attorney as soon as possible:
> (a) an updated RMA form completed by Plaintiff […];
> (b) a letter of contribution completed by Ernest Bateson […];
> (c) a 2014 and 2015 federal tax return, with schedules if any, completed by Plaintiff and Ernest Bateson respectively;
> (d) for each of the 2014 and 2015 tax returns filed by Plaintiff and Ernest Bateson a completed IRS 8879 form;
> (e) a complete 4506T form for 2014 and 2015, completed by Plaintiff and Ernest Bateson respectively;
> (f) bank statements for the 3 months immediately preceding submission for the Plaintiff and Ernest Bateson respectively;
> (g) Plaintiff will provide a profit and loss statement from Plaintiff and Ernest Bateson for 2016 YTD; and
> (h) a hardship letter with the date and Loan number, signed by Plaintiff, indicating the reason for the

default, and why Plaintiff believes she can get out of default.

Dkt. 13, PageID. 115–116.

The Court ordered Plaintiff to respond to Defendant's Motion to Vacate on or before May 23, 2018. Dkt. 14. For reasons unknown, Plaintiff failed to submit any response to the motion to vacate, thereby leaving the impression the she does not oppose the motion.

Although Plaintiff's neglect of this case may well mean that she does not oppose Defendant's request to vacate the Court's previous order, because Plaintiff is not represented by counsel, the Court will give her "one more chance" to respond. If no response is made, the motion to vacate will be granted, and Defendant will be permitted to pursue foreclosure and any other remedies.

WHEREFORE, **IT IS HEREBY ORDERED**, that Plaintiff **SHALL RESPOND** to Defendant's Motion to Vacate by no later than January 11, 2019. Failure to respond will be construed to waive or give up any opportunity to oppose the Motion, and will result in the Motion being granted.

**SO ORDERED.**

Dated: December 17, 2018

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 17, 2018.

s/A. Chubb
Case Manager
